

# Fourth Court of Appeals
## San Antonio, Texas

June 3, 2014

No. 04-13-00895-CR

Gary **PETERSON**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the County Court, Wilson County, Texas
Trial Court No. 11-10-0393-CRC
Honorable Marvin Quinney, Judge Presiding

# O R D E R

Appellant's brief, originally due on March 24, 2014, has not been filed. The clerk of this court notified appellant's counsel, Veryl E. Brown, of the deficiency, but he did not respond. On April 16, 2014, we abated this appeal and ordered the trial court to hold a hearing as required by Texas Rule of Appellate Procedure 38.8(b)(2). *See* TEX. R. APP. P. 38.8(b)(2).

In response to our order, the trial court has filed a letter with the clerk of this court stating that a hearing has **not** been set or conducted. In its letter, the trial court indicates that it has not conducted the hearing because Mr. Brown failed to return a phone call from the trial court clerk. We see nothing in this letter that excuses the trial court's failure to conduct the hearing as ordered or demonstrates that this case warrants a departure from the requirements of Rule 38.8(b)(2).

It is well-established that when an appellant in a criminal case fails to file a brief and fails to respond to inquiries from the appellate court clerk, the appellate court "must order the trial court to immediately conduct a hearing to determine whether the appellant desires to prosecute his appeal, whether the appellant is indigent, or, if not indigent, whether retained counsel has abandoned the appeal, and to make appropriate findings and recommendations." *See* TEX. RULE APP. P. 38.8(b)(2). The trial court is then required to conduct the hearing as ordered by the appellate court. *See,* e.g.*, Jaimes v. State*, No. 04-04-00525-CR, 2005 WL 50115, at *1 (Tex. App.—San Antonio 2005, no pet.) (not designated for publication) (reviewing record for fundamental error after the trial court held a hearing and found the appellant no longer desired to pursue the appeal); *McMahon v. State*, No. 04-01-00442-CR, 2002 WL 1285137, at *1 (Tex. App.—San Antonio 2002, no pet.) (not designated for publication) (reviewing record for

fundamental error after the trial court held a hearing and made appropriate findings); *Ex parte Elam*, No. 04-98-00073-CR, 1998 WL 412425, at \*1 (Tex. App.—San Antonio, no pet.) (not designated for publication) (dismissing appeal for want of prosecution after neither appellant nor her attorney appeared at the hearing and the trial court concluded appellant did not wish to prosecute her appeal).

We, therefore, ORDER the trial court to issue a written order that (1) sets a hearing on this matter and (2) orders Mr. Brown to be present at the hearing. We ORDER the trial court to give Mr. Brown notice of the date, place, and time of the hearing by sending him a copy of the order setting the hearing. We ORDER the trial court to conduct a hearing that answers the following questions:

1. Does appellant desire to prosecute this appeal?

2. Is appellant indigent?

   (a) If appellant is indigent, the trial court shall take such measures as may be necessary to assure the effective assistance of counsel, which may include the appointment of counsel.

   (b) If the trial court finds that appellant is not indigent, the trial court should determine whether appellant has made the necessary arrangements for filing a brief.

3. Has Mr. Brown abandoned this appeal? Because initiating contempt proceedings against appellant's counsel may be necessary, the trial court should address this issue even if new counsel is retained or substituted before the date of the hearing. *See* TEX. R. APP. P. 38.8(b)(4).

The trial court may, in its discretion, receive evidence on the first two questions by sworn affidavit from appellant.

We ORDER the trial court to hold the hearing and file its written findings of fact and conclusions of law **no later than June 23, 2014**. We ORDER the trial court clerk to file a supplemental clerk's record containing the trial court's written findings of fact and conclusions of law **no later than June 30, 2014**. We ORDER the court reporter to file in this court a supplemental reporter's record of the hearing, along with copies of any documentary evidence admitted, **no later than June 30, 2014**.

All other appellate deadlines remain ABATED pending further order from this court.

_____
Karen Angelini, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 3rd day of June, 2014.

_____
Keith E. Hottle
Clerk of Court